**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Eddie Donnell Littlejohn, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-562-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Deputy Lancaster, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Eddie Littlejohn, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed this action against Defendant Deputy Lancaster pursuant to 42 U.S.C. § 1983, alleging a Fourth Amendment violation. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending summary dismissal of this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 13). Plaintiff filed objections to the Report, (ECF No. 15), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C.

1

§ 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require

2

them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Although Plaintiff's objections assert additional details, he does not object to the Report's summary of the facts or the applicable standards of law in this case. Accordingly, the court recounts the facts relevant to Plaintiff's claim only briefly herein.

Plaintiff brings this action against Defendant seeking money damages and alleging violations of his Fourth Amendment rights. (ECF No. 1). Plaintiff contends that in July 2023, Defendant followed him from a store, and Defendant pulled him over for speeding. *Id*. at 4. Plaintiff admits that he was going 40 miles per hour in a 35 mile per hour zone. *Id*. at 5. After Defendant repeatedly asked to search Plaintiff's car, Plaintiff consented. *Id*. at 6. Defendant also handcuffed Plaintiff and searched him as well. *Id*. at 7. Plaintiff contends that at the detention center, Defendant put his hand on a taser or a gun and threatened him. *Id*. Plaintiff's complaint appears to involve a state court proceeding in the Cherokee County General Sessions Court for possession of less than one gram of meth or cocaine base, 3rd or subsequent offense. *See* Cherokee County Public Index, https://publicindex.sccourts.org/Cherokee/PublicIndex/PISearch.aspx (enter Plaintiff's name and case number 2023A1110200147) (last visited April 28, 2025). It appears Plaintiff pled guilty to that charge after the issuance of the Report. *See id*.

### A. *Younger* Abstention

In the Report, the magistrate judge noted that abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) is appropriate in this case, but the Report recommended dismissal rather than a stay because "the instant matter is barred for other reasons; thus, it should be dismissed for failure

3

to state a claim[.]" (ECF No. 13 at 3–5).  Because it appears Plaintiff pled guilty to the relevant

state court charge, *Younger* abstention would no longer apply.  *See Martin Marietta Corp. v. Md.*

*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (indicating that for *Younger*

abstention to apply there has to be ongoing state judicial proceedings).  As such, the court proceeds

by evaluating the magistrate judge's recommendation that the complaint is subject to summary

dismissal for failure to state a claim.

### B. Failure to State a Claim

#### a. Fourth Amendment

The magistrate judge construed Plaintiff's Fourth Amendment claim as a claim for false

arrest based on the aforementioned arrest for possession of meth or cocaine base.  (ECF No. 13 at

5).  The magistrate judge found as follows:

> Section 1983 actions premised on malicious prosecution, false
> arrest, and/or false imprisonment are analyzed as actions claiming
> unreasonable seizures in violation of the Fourth Amendment. *See,*
> *e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002)
> (recognizing that a plaintiff alleging a § 1983 false arrest claim
> needs to show that the officer decided to arrest him without probable
> cause to establish an unreasonable seizure under the Fourth
> Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir.
> 2001) (stating claims of false arrest and false imprisonment "are
> essentially claims alleging a seizure of the person in violation of the
> Fourth Amendment").
>
> "[A]n indictment, fair upon its face, returned by a properly
> constituted grand jury, conclusively determines the existence of
> probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir.
> 2012) (internal citation and quotation marks omitted); *see Provet v.*
> *State of S.C.*, C/A No. 6:07-cv-01094-GRA-WMC, 2007 WL
> 1847849, at *5 (D.S.C. June 25, 2007) (section 1983 claims of false
> arrest and malicious prosecution were precluded because of
> indictment). This Court, as noted above, has taken judicial notice of
> the [P]laintiff's pending charges in the Cherokee County General
> Sessions Court, including a grand jury indictment for possession of
> less than one gram of meth or cocaine base, third or subsequent
> offense. *See* Cherokee County Public Index (enter the [P]laintiff's

4

name and [case number] 2023A1110200147) (last visited February 11, 2025). The indictment acts as a bar to the plaintiff's claim that [Defendant] falsely arrested him. As such, the [P]laintiff's Fourth Amendment claim is also subject to summary dismissal.

ECF No. 13 at 6.

In his objections, Plaintiff argues there is a 5 mile per hour grace period for driving over the speed limit, and he goes into greater detail about Defendant's requests to search his vehicle. (ECF No. 15).  However, he does not address the conclusion in the Report that the indictment issued in his state proceeding acts as a bar to his false arrest claim.  Having reviewed the record and the applicable law, the court finds no error, clear or otherwise.  *See Durham*, 690 F.3d at 189 (providing "[a]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause" (internal quotation marks omitted)); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (finding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment); *United States v. Currence,* 446 F.3d 554, 556 (4th Cir. 2006) (holding that "when law enforcement officers have probable cause to make a lawful custodial arrest, they may — incident to that arrest and without a warrant — search the arrestee's person and the area within his immediate control"(internal quotations and citations omitted)); Cherokee County Public Index, https://publicindex.sccourts.org/Cherokee/PublicIndex/PISearch.aspx (enter Plaintiff's name and case number 2023A1110200147) (last visited April 28, 2025) (showing indictment number 2023GS1101439 for the relevant state action).  As such, Plaintiff's Fourth Amendment claim is subject to dismissal for failure to state a claim.

**b. Verbal Threat**

The magistrate judge noted that Plaintiff also alleges Defendant violated his rights when Defendant placed his hand on an unstrapped weapon and threatened Plaintiff. (ECF No. 13 at 7). However, as correctly noted by the magistrate judge,

> "[M]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983". *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Morrison v. Martin*, 755 F.Supp. 683, 687 (E.D.N.C. 1990), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (noting that "[w]ords by themselves do not state a constitutional claim, without regard to their nature" (internal citation omitted)). As such, the [P]laintiff's claim that his rights were violated when [Defendant] purportedly threatened him is subject to summary dismissal.

*Id*.

In his objections, Plaintiff merely restates his earlier allegations that Defendant placed his hand on an unstrapped weapon and threatened him. (ECF No. 15 at 4). Plaintiff does not address the magistrate judge's analysis of the relevant law. *Id*. Having reviewed the record and the applicable law, the court finds no error, clear or otherwise. As such, any allegations related to Defendant's threats fail to state a claim under § 1983.

### CONCLUSION

The court, having reviewed the Report under the appropriate standard, **ADOPTS** the Report as modified.[1] (ECF No. 13). As such, this action is dismissed *with* prejudice, without further leave to amend, and without issuance and service of process.

---

[1] As discussed herein, the modification is based on the court's finding that *Younger* abstention is no longer appropriate since Plaintiff pled guilty to the relevant state court charges.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

April 29, 2026
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.